IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 05-126 SOM |
| | ) | CR. NO. 16-730 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |
| vs. | ) | |
| | ) | |
| DANIEL PAHIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.    INTRODUCTION.**

In 2019, Defendant Daniel Pahia's supervised release was revoked, and he was sentenced to ten months in prison after the court found seven instances of his having failed to timely notify his probation officer about contact with law enforcement, three positive drug tests, and two failures to timely notify his probation officer about changes in employment.  Pahia has served approximately seven months of his sentence, and, with anticipated good time credit, has a projected release date of September 13, 2020.  He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Pahia's request is based on the COVID-19 pandemic.  He contends that his underlying medical conditions (asthma and diabetes) make him vulnerable to complications if he contracts COVID-19.  In his initial submissions, Pahia complained that he

needed a nebulizer for his asthma, but that the prison had declined to provide one. This court inquired as to why his pocket inhaler was insufficient. Pahia subsequently notified the court that the prison had made a nebulizer and the necessary medication available to him, but expressed concern about whether that situation would continue. As far as this court knows, the nebulizer has not become unavailable to Pahia.

Pahia is housed at FDC Honolulu, which has not yet reported any COVID-19 cases. Moreover, at least for now, the State of Hawaii has been fairly successfully at limiting the spread of the virus in the community. Although Pahia may indeed be vulnerable to complications if he contracts COVID-19, he does not show that it is likely that he will contract the virus in the first place. Consequently, this court cannot conclude that the threat COVID-19 poses to Pahia's health is an extraordinary and compelling circumstance that warrants a reduction in his sentence.

**II.     ANALYSIS.**

Pahia's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

> imprisonment (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment), after considering the factors
> set forth in section 3553(a) to the extent
> that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons
> warrant such a reduction . . . .
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements.  *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A. Pahia has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).

Pahia submitted an administrative compassionate release request to the warden of his prison more than 30 days before filing this motion.  *See* ECF No. 64, PageID # 217.  He has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).  The Government is not contesting Pahia's satisfaction of the exhaustion requirement.

3

> **B.  Pahia has not demonstrated that extraordinary and compelling circumstances justify his early release.**

This court therefore turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release. *See United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).

The Government asserts that Pahia's diabetes and asthma constitute "extraordinary and compelling reasons" but that release is nevertheless not warranted.  *See* ECF No. 73, PageID # 972.  After seeing the Government parse the statutory language this way in numerous prior filings, this court recently questioned how the Government can deem a reason to be "extraordinary and compelling" if it does not warrant release.  *See Scher*, 2020 WL 3086234, at *1.  The Government is separating the words "extraordinary and compelling reasons" from the immediately following words ("warrant such a reduction") in the statute.  The statute requires a court to find "that

extraordinary and compelling reasons warrant such a reduction." This language is of a piece, and this court does not see how it can conclude that there is an "extraordinary and compelling reason" that does not warrant release. Treating Pahia's reasons as "extraordinary and compelling" and only then turning to whether he should be released requires treating in isolation words in § 3582(c)(1)(A) that cannot justifiably be isolated from the idea that the extraordinary and compelling reasons must be reasons that *warrant* a reduction. Of course, a party is the master of the arguments it advances, but the court would be likelier to accept the Government's parsing of the statutory language if the Government explained the basis for isolating "extraordinary and compelling reasons" from "warrant such a reduction."

In any event, Pahia has failed to show that extraordinary and compelling circumstances justify his release. He argues that he should be released because of the threat COVID-19 poses to his health. That argument proceeds in three parts: (1) Pahia suffers from underlying conditions that make him susceptible to complications if he contracts COVID-19, (2) there is a good chance that COVID-19 will enter FDC Honolulu, and (3) once it enters the prison, it will spread quickly because inmates cannot practice social distancing. While this court recognizes Pahia's vulnerability to complications from the coronavirus, his

argument fails at the second step.  Pahia does not show that it is likely that the virus will make its way into FDC Honolulu.

In late March 2020, Honolulu's mayor and Hawaii's governor took steps to address the coronavirus.  There was a "stay at home, work from home" order, and an order requiring anyone arriving in any of the Hawaiian islands to self-quarantine for 14 days.  Around the same time, the State initiated several other efforts to limit the spread of the virus, such as an expanded testing program and contact tracing program. *See, e.g.*, Melanie Warner, *How Hawaii Became a Rare Covid Success Story*, Politico (June 19, 2020, 5:45PM), https://www.politico.com/news/magazine/2020/06/19/hawaii-covid-success-story-322919.  With Hawaii's geographic isolation, the measures taken by the government, and widespread compliance by the local population, by the time Pahia filed this motion in late May 2020, Hawaii was reporting fewer than 10 new COVID-19 cases every day.[1]  On many days, no new cases were reported.

Shortly after the briefing on Pahia's compassionate release motion closed, the State did report more than 15 new cases in one day followed by a day with more than 20 new cases.  When this court became aware of these numbers, it delayed ruling on this motion in case the spread of COVID-19 in Hawaii

---

[1] These figures are taken from the Hawaii Data Collaborative's website, https://www.hawaiidata.org/covid19.

accelerated quickly.  The court's concern was that greater spread in the community might mean a greater likelihood of infection at FDC Honolulu.  At the moment, it is not clear that the court should continue to be concerned.  While more than 20 new cases have been reported on two separate days in the last few weeks, new cases have not grown exponentially.  Instead, the five-day average of new cases has remained slightly above 10.  In short, at least for now, while the virus is clearly in Hawaii, it is not close to being widespread.

FDC Honolulu has also put in place measures to prevent the virus from entering the prison.  Both new inmates and prison staff are being screened to prevent infected individuals from coming into contact with the general prison population.  *See* ECF No. 73, PageID # 977-78.  All in-person social and legal visits to the prison have been suspended.  *Id.*

Of course, COVID-19 could still enter FDC Honolulu.  An asymptomatic staff member who contracted the virus could bring the virus into the prison without being caught by the prison's screening program.  But for that to happen, a staff member would have to contract the virus in the community.  Of Hawaii's 1.4 million residents, about 900, or 0.06% of the state's population, have tested positive for the virus.  The odds that a member of the prison's staff will contract the virus remain low.

In sum, at least for now, the chances of COVID-19

entering FDC Honolulu are low.  Pahia is not likely to suffer serious complications from the virus because he is not likely to contract the virus in the first place.  Based on the present record, this court concludes that Pahia's vulnerability to complications from COVID-19 is not an extraordinary and compelling reason that warrants a reduction in his sentence.

**III.     CONCLUSION.**

Pahia's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, June 30, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Pahia*, Cr. Nos. 05-126 SOM and 16-730 SOM; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE